```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,        :

      Plaintiff,             :

   v.                              :     Case No. 2:05-mj-0470

Corlethea A. White,              :

      Defendant.             :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a preliminary hearing and detention hearing on December 16, 2005. Following the presentation of the evidence, the Court concluded both that probable cause existed to believe that the defendant had committed the crime with which she is charged and that she should be detained pending further proceedings.  The purpose of this order is to set forth in writing the reasons for those decisions.

    The defendant was charged in a criminal complaint filed on October 31, 2005 with participating in a criminal conspiracy. The object of the conspiracy was to use unauthorized access devices to obtain items of an aggregate value of $1,000 or more. In particular, the complaint alleged that the defendant was part of a conspiracy involving, among others, a woman named Faith Anita Cook, who has admitted that she appropriated account numbers and other information from customers of Capital One and shared that information with the defendant.  Ms. Cook admitted to providing 75 to 100 account numbers to Ms. White in exchange for goods and services.  Another person to whom $12,000 of appliances were delivered also identified Ms. White as having offered to purchase those appliances for less than their value if the

recipient would accept delivery.  Finally, the complaint alleged that Ms. White purchased an airline ticket using one of the compromised credit card numbers and flew to Philadelphia, Pennsylvania on that ticket.

A United States Postal Inspector who was involved in the investigation along with the United States Secret Service, testified at the hearing.  He essentially corroborated the information in the complaint, adding that a search warrant of the defendant's residence turned up the same credit card information which Faith Cook admitted to providing to the defendant, that the defendant made a telephone call to another person arrested in connection with this credit card scheme while that person was in police custody, and that the defendant was found in possession of a cell phone at the time of her arrest which had been purchased using credit card information from one of the victims of the scheme.  The Court concluded that, upon this evidence, a reasonable person could infer that the defendant had been a part of the conspiracy.  As a result, probable cause was found.

With respect to the issue of detention, the United States relied primarily upon the information in the Pretrial Services Report.  However, the Postal Inspector testified that arrangements had been made with an attorney to have the defendant self-surrender, but that she failed to do so, and that when agents went to her residence to arrest her, although every other occupant of the residence left the residence voluntarily, the defendant was not discovered until police searched the house with a K-9 police dog.  She was found hiding in a closet.  The United States argues that the defendant is an unacceptable flight risk.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter</u> <u>alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to

threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a

3

prospective witness or juror.  <u>See</u>, <u>e.g.</u>, <u>United States v. Daniels</u>, 772 F.2d 382 (7th Cir. 1985); <u>United States v. Yeaple</u>, 605 F.Supp. 85 (M.D.Pa. 1985).

According to Pretrial Services Report, the defendant has a lengthy history of arrests on charges such as theft, falsification, and forgery, going back to 1993.  In almost every proceeding, the defendant failed to appear on one or more than one occasion, and bench warrants have been issued for her on at least half a dozen occasions.  In addition to failing to appear as required, it appears that she has also violated supervisory conditions in the past, and has been on both probation and community control for most of 2005, during which time she apparently committed other offenses.  Also, as noted above, she successfully avoided arrest on the instant charges from the date of the warrant until December 13, 2005, and attempted to hide from the arresting officers on that date even though she had been aware of the outstanding arrest warrant for more than a month.  The explanation for this behavior proffered by counsel in closing argument was simply incredible.  The United States clearly proved by a preponderance of the evidence that the defendant is a risk of flight.

With respect to conditions which might adequately guard against that risk, there does not appear to be any money or property available to be posted as bond.  The only proposal advanced by the defendant was to be released to her cousin's home on electronic monitoring.  Taking into account the instability of her residence, her sporadic employment history, and the behavior she has exhibited while facing charges or on supervision, the Court concluded that electronic monitoring would not adequately assure that she would appear in Court for further proceedings.  At most, it would provide an early warning for the Pretrial Services Officer supervising the defendant that she had chosen to

abscond from supervision.  Under these circumstances, the Court concluded that an order of detention was appropriate.

The defendant was advised of her right to seek review of this Order from a United States District Judge pursuant to 18 U.S.C. §3145(b).

                               /s/ Terence P. Kemp
                               United States Magistrate Judge